UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Ch. 7 |
| | ) | |
| ANDERSON & STRUDWICK, INCORPORATED, | ) | Case **No. 14-32679** |
| | ) | |
| *Debtor.* | ) | |
| | ) | |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES**

Bruce E. Robinson, chapter 7 trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**")

of the above–captioned debtor ("**Debtor**"), by counsel, requests the entry of an order, pursuant to

11 U.S.C. §§ 105 and 363, approving the sale of certain assets of the Debtor's Estate to Oak

Point Partners, Inc. ("**Oak Point**") and related terms ("**Motion**").  In support of the Motion, the

Trustee respectfully states as follows:

**Jurisdiction**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.

_____
Vernon E. Inge, Jr. (Va. Bar No. 32699)
Corey S. Booker (Va. Bar No. 73419)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
919 East Main Street, 24th Floor
Post Office Box 2499
Richmond, Virginia 23218-2499
Telephone:      804.343.4095 / 804.915.4137
Facsimile:      804.783.7632 / 804.916.7230
E-Mail:          vernon.inge@leclairryan.com
                 corey.booker@leclairryan.com

*Counsel for Bruce E. Robinson, Trustee*

2.      The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### Background

3.      On May 15, 2014, L. McCarthy Downs, III filed an involuntary petition under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") against the Debtor.

4.      On June 17, 2014, the Trustee was appointed the chapter 7 trustee of the Debtor's Estate, and the Trustee continues to serve in such capacity.

5.      Since his appointment, the Trustee has administered the Debtor's Estate for the benefit of the creditors in accordance with his power and duties.  The Trustee has liquidated all of the known assets and claims of the Debtor and is now in the process of winding down the administration of this case.  To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining, unknown assets is realized.

6.      The Trustee has determined that there may exist property of the Debtor's Estate, consisting of unknown claims, property rights, or assets, which have not been sold, assigned, or transferred (collectively, the "**Remnant Assets**").  The Trustee has determined that the cost of identifying and pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

7.      The Trustee and Oak Point have negotiated an agreement (the "**Purchase Agreement**") for the sale of the Remnant Assets in which Oak Point will purchase the Remnant Assets for $5,000.00.  A copy of the Purchase Agreement is attached as **Exhibit A** to this Motion.

**Requested Relief**

8.      By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), and Federal Rule of Bankruptcy Procedure 6004(a) that approves the terms of the Purchase Agreement and authorizes the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances.

9.      The Purchase Agreement provides for an aggregate purchase price of $5,000.00 (the "**Purchase Price**") to be paid by Oak Point to the Trustee for the benefit of the Debtor's Estate.  The Purchase Agreement excludes cash held by the Trustee for distribution to creditors and professionals and the Purchase Price from the Remnant Assets that will be sold and transferred to Oak Point.

10.     In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sale price for the Remnant Assets and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are unknown, outweighs the potential benefits of retaining the Remnant Assets including closing the Estate.  The cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

11.     Further, the private sale of the Remnant Assets pursuant to the Purchase Agreement serves the best interests of the Debtor's Estate and the Debtor's creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate.  Accordingly, the sale to Oak Point should be approved as requested.

3

12.     In the event, however, that a party other than Oak Point wishes to purchase the

Remnant Assets, the Trustee requests that the Court approve the following overbid procedures

(collectively, the "**Bidding Procedures**"):

    a.    any party who wants to participate in the overbid process must notify the Trustee's counsel of its intention to do so in accordance with the Notice of Motion and Hearing filed contemporaneously herewith on or before the deadline stated in the Notice for filing objections to this Motion;

    b.    the initial overbid for the Remnant Assets must be at least $9,000.00; and

    c.    in the event a party other than Oak Point is deemed the winning bidder with respect to the Remnant Assets, such other party shall be required to purchase the Remnant Assets under the same terms and conditions as set forth in the Purchase Agreement.

## Legal Argument

13.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice

and a hearing, may use, sell or lease, other than in the ordinary course of business, property of

the estate."  11 U.S.C. § 363(b)(1).  To approve a sale other than in the ordinary course of

business, the Court must find "some articulated business justification."  *See In re Martin (Myers*

*v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) and *In re Abbotts Dairies of Pa. Inc.*, 788 F. 2d 143

(3d Cir. 1986) (requiring good faith purchasing).

14.     A trustee's showing of sound business justification need not be unduly

exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound

business reasons."  *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

15.     Whether or not there are sufficient business reasons to justify a sale depends upon

the facts and circumstances of each case.  *See In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir.

1983). Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale

of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973

F.2d 141, 144 (2d Cir. 1992).

16.     Here, there are sufficient business reasons to justify the sale.   The Trustee has

liquidated all known claims and assets of the Debtor's Estate.  The Purchase Price is reasonable

and a fair value given the small likelihood of return and expense in investigating and liquidating

the unknown assets that comprise the Remnants Assets.  The Purchase Price was negotiated at

arm's length and in good faith.  Therefore, the Purchase Agreements represents a prudent and

proper exercise of business judgment and is in the best interest of creditors of the Debtor's

Estate.

17.     Similarly, a private sale is appropriate because any costs associated with an

auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any benefit to

the Estate.

18.     Section 363(f) of the Bankruptcy Code permits the Trustee to sell assets free and

clear of all interests which may be asserted against such assets, with any such interests attaching

to the net proceeds of the sale, subject to the rights and defenses of the Debtor with respect

thereto.  As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding

pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section

363(f).  To the extent that there are interests that may be asserted in the Remnant Assets, the

Trustee believes that one or more of the aforementioned conditions have been satisfied.

19.     Additionally, in the event that a party other than Oak Point wishes to purchase the

Remnant Assets, the Court should approve the Trustee's proposed Bidding Procedures.  Courts

have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. *See, e.g., In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991).   Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee. Thus, the proposed Bidding Procedures are appropriate and should be approved.

20.     Accordingly, the sale of the Remnant Assets is a prudent exercise of his business judgment under the circumstances and is in the best interest of the Debtor's Estate and its creditors.   The Purchase Price for the sale is reasonable and has been negotiated at arm's length. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered for the benefit of the Debtor's Estate and its creditors. Therefore, the Trustee respectfully requests that the Court grant the Motion.

## Waiver of Stay of Order

21.     Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for 14 days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

## Notice

22.     Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, all parties requesting notice pursuant to Fed. R. Bankr. P. 2002, and all parties on the Service List attached as **Exhibit B**.  The Trustee submits that such notice is proper and adequate and no further notice is required. The Trustee further requests that this Court determine that such notice is adequate and that other and further notice be waived.

WHEREFORE, Bruce E. Robinson, Trustee respectfully requests entry of an order, in substantially the same form as **Exhibit C** attached hereto, authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the 14–day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

BRUCE E. ROBINSON, TRUSTEE


/s/ Corey S. Booker
Counsel

Vernon E. Inge, Jr. (Va. Bar No. 32699)
Corey S. Booker (Va. Bar No. 73419)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
919 East Main Street, 24th Floor
Post Office Box 2499
Richmond, Virginia 23218-2499
Telephone:     804.343.4095 / 804.915.4137
Facsimile:     804.783.7632 / 804.916.7230
E-Mail:        vernon.inge@leclairryan.com
               corey.booker@leclairryan.com

*Counsel for Bruce E. Robinson, Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2017, a true copy of the foregoing *Trustee's Motion For Entry Of An Order Approving The Sale Of Certain Assets Of The Debtor's Estate Free And Clear Of Liens, Claims, Interests, And Encumbrances Pursuant To 11 U.S.C. §§ 105 and 363* was served via the Court's electronic notification system to all parties receiving such notice and/or by first-class mail, postage prepaid, to the Service List, attached hereto as **Exhibit B**, including the following:

Robert B. Van Arsdale, Esquire
Assistant U.S. Trustee
OFFICE OF THE U.S. TRUSTEE
701 East Broad Street - Suite 4304
Richmond, Virginia 23219

Donald H. Newlin
509-B Lafayette Boulevard
Fredericksburg, Virginia 22401
        *Debtor Designee*

William H. McCall
320 North Cedar Bluff Road, Suite 102
Knoxville, Tennessee 37923
        *Debtor Designee*

        /s/ Corey S. Booker
        Counsel

# EXHIBIT A

Copy of Purchase Agreement

## ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement"), dated as of August __, 2017, is by and between **BRUCE E ROBINSON, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of the ANDERSON & STRUDWICK, INCORPORATED** ("Debtor") **BANKRUPTCY ESTATE** ("Estate") and **OAK POINT PARTNERS, INC.** ("Purchaser").

## WITNESSETH:

WHEREAS, on May 15, 2014, an involuntary petition for relief under chapter 7 of the Bankruptcy Code was filed against the Debtor in the United States Bankruptcy Court for the Eastern District of Virginia ("Court"), assigned Case No. 14-32679; and

WHEREAS, on June 13, 2014, an order for relief was entered by the Court against the Debtor; and

WHEREAS, on or about June 17, 2014, the Trustee was appointed as chapter 7 trustee of the Debtor's Estate; and

WHEREAS, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

WHEREAS, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement by the Debtor or Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; and (b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

WHEREAS, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

NOW THEREFORE, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Five Thousand and No/100 Dollars ($5,000.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with

1

respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7. **No Assumption of Liabilities.** The parties agree that Purchaser is acquiring only the Remnant Assets and that Purchaser is neither acquiring nor assuming any liabilities of the Seller under this Agreement, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Virginia, without giving effect to choice of law principles of the State of Virginia.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**[remainder intentionally left blank; signature page follows]**

2

**THIS AGREEMENT** has been duly executed as of the day and year first above written.


**OAK POINT PARTNERS, INC.**

By: _____
Name:  ERIC LINN
Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 965, Skokie, IL 60077
tel (847) 577-1269        fax (847) 655-2746


**ANDERSON & STRUDWICK, INCORPORATED
BANKRUPTCY ESTATE**

By: _____
Name:  BRUCE E. ROBINSON
Its: Chapter 7 Trustee

Address:  PO Box 538, 415 E. Atlantic St., South Hill, VA 23970-0538
tel (434) 447-7922

3

# **EXHIBIT B**

Service List

# SERVICE LIST

Commonwealth of Virginia
Department of Taxation
Post Office Box 2156
Richmond, Virginia 23218

COR Clearing, LLC
1200 Landmark Center, Suite 800
Omaha, Nebraska 68102-1916

Dominic Eugene McKann
2305 Rohrer Road
Maidens, Virginia 23102

William H. McCall
320 North Cedar Bluff Road, Suite 102
Knoxville, Tennessee 37923

Duane Morris LLP
505 9th Street NW
Suite 1000
Washington, D.C. 20004

FINRA Dispute Resolution
1735 K Street NW
Washington, D.C. 20006

Glen Henrichs
11725 Thaddeus Drive
Richmond, Virginia 23233

Hirschler Fleischer
2100 East Cary Street
Richmond, Virginia 23223

Keiter Stephens
4401 Dominion Boulevard, 2nd Floor
Glen Allen, Virginia 23060

L. McCarthy Downs, III
1001 Colony Trail
Lanexa, Virginia 23089

Lucille R. Saunders
c/o Dennis T. Lewandowski
150 West Main St., Ste. 2100
Norfolk, Virginia 23510

Ming Yang
c/o Laurence M. Rosen
609 W. S. Orange Avenue, Suite 2P
South Orange, New Jersey 07079

Barry Strickland & Co., C.P.A.
Post Office Box 9228
Richmond, Virginia 23227-0228

Oyster Consulting, LLC
c/o Patrick M. Dennis
4128 Innslake Dr.
Glen Allen, Virginia 23060

Pershing, LLC
One Pershing Plaza
Jersey City, New Jersey 07399

Pitney Bowes
1 Elmcroft Road
Stamford, Connecticut 06926

Pitney Bowes Inc.
4901 Belfort Road, Suite 120
Jacksonville, Florida 32256

Robin J. Dartell
c/o Laurence M. Rosen
609 W. S. Orange Avenue, Suite 2P
South Orange, New Jersey 07079

Sandie Haynes
c/o AlBioTech Inc.
601 Biotech Drive
Richmond, Virginia 23235

Shareholders Inc.
c/o Lauren M. Rosen Law Firm
275 Madison Avenue
New York, NY 10016

Sterne Agee Group, Inc.
c/o Jennifer McLain McLemore
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095

Robin Joachim Dartell
c/o James K. Donaldson
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219

McCammon Group, Ltd.
c/o Richard C. Huffman, Jr.
6641 W. Broad Street, Suite 400
Richmond, Virginia 23230-1728

Document Technologies, LLC
c/o Candace Berardi
11 South 12th Street, Suite 100
Richmond, Virginia 23219-4085

State of California
Franchise Tax Board
Post Office Box 2952
Sacramento, California 95812-2952

Robert B. Van Arsdale
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Donald H. Newlin
509-B Lafayette Boulevard
Fredericksburg, VA 22401

# SERVICE LIST

---

Internal Revenue Service
400 N. 8th Street
Richmond, VA 23219


Department of the Treasury
Internal Revenue Service
Washington, D.C. 20224

Jayna Partain Lamar; J.Leland Murphree;
Carl Burkhalter
Maynard, Cooper & Gale, .P.C.
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203


Internal Revenue Service
Centralized Insolvency Operations
Post Office Box 7346
Philadelphia, Pennsylvania 19101-7346

EnTrust Records Management
c/o Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223

# EXHIBIT C

Form of Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Ch. 7 |
| | ) | |
| ANDERSON & STRUDWICK, INCORPORATED | ) | Case No. 14-32679 |
| | ) | |
| *Debtor.* | ) | |
| | ) | |

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES**

This matter is before the Court on the Trustee's Motion for Entry of an Order Approving the Sale of Certain Assets (the "**Motion**"),[1] filed by Bruce E. Robinson, Chapter 7 Trustee (the "**Trustee**"), by counsel.  All capitalized terms not defined herein have the meaning in the Motion.

The Court finding that adequate notice has been given and that cause exists to grant the relief requested in the Motion, it is hereby ORDERED and DECREED that:

1.        The relief sought in the Motion is **GRANTED**.

2.        The Purchase Agreement and all of its terms and conditions are **APPROVED** in their entirety.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

Vernon E. Inge, Jr. (Va. Bar No. 32699)
Corey S. Booker (Va. Bar No. 73419)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
919 East Main Street, 24th Floor
Post Office Box 2499
Richmond, Virginia 23218-2499
Telephone:        804.343.4095 / 804.915.4137
Facsimile:        804.783.7632 / 804.916.7230
E-Mail:        vernon.inge@leclairryan.com
                corey.booker@leclairryan.com

*Counsel for Bruce E. Robinson, Trustee*

3.     The Bidding Procedures are **APPROVED** in their entirety.

4.     The Purchase Agreement and the Bidding Procedures are **FAIR and REASONABLE**.

5.     Pursuant to 11 U.S.C. § 363(b), the Trustee is **AUTHORIZED** to sell the Remnant Assets to Oak Point Partners, Inc. ("**Oak Point**") for the consideration described in the Motion.

6.     Pursuant to 11 U.S.C. § 363(f), the sale of the Remnant Assets to Oak Point ("**Sale**") shall be **FREE and CLEAR** of any and all liens, claims, and encumbrances, with such liens, claims, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, and encumbrances have on the Estates' right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party-in-interest with respect thereto.

7.     The Trustee and his professionals are **AUTHORIZED** to take such action as is necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

8.     Oak Point is **GRANTED** the protections provided to a good-faith purchaser under 11 U.S.C. § 363(m).

9.     The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement **CONSTITUTES** a legal, valid, and effective transfer of the Remnant Assets; and shall vest Oak Point with all right, title, and interest in and to the Remnant Assets.

10.    The 14–day stay under Bankruptcy Rule 6004(h) is **WAIVED**.

11.     This Court **RESERVES** jurisdiction over the provisions of this order and to hear

and determine all matters arising from the implementation of this order.


ENTER:

Richmond, Virginia


_____

KEITH L. PHILLIPS, JUDGE
UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

3

WE ASK FOR THIS:


/s/ _____
Vernon E. Inge, Jr. (Va. Bar No. 32699)
Corey S. Booker (Va. Bar No. 73419)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
919 East Main Street, 24th Floor
Post Office Box 2499
Richmond, Virginia 23218-2499
Telephone:    804.343.4095 / 804.915.4137
Facsimile:    804.783.7632 / 804.916.7230
E-Mail:       vernon.inge@leclairryan.com
              corey.booker@leclairryan.com

*Counsel for Bruce E. Robinson, Trustee*


## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed Order Granting Trustee's Motion for Entry of an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief has been endorsed by or served upon all necessary parties.


                              /s/ _____
                              Corey S. Booker


4